# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRISTON MACK,                              )
                                           )
        Petitioner,              )
                                           )
vs.                                        )       CIVIL NO. 06-365-DRH
                                           )
RANDY J. DAVIS,                            )
                                           )
        Respondent.              )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis*. Petitioner, an inmate in the United States Penitentiary at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1996 conviction for car-jacking in the United States District Court for the Eastern District of Missouri.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255. This remedy normally supersedes the writ

of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

    Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing another section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[1] *See also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49-50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that section 2255's substantive and procedural barriers by

---

[1] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

themselves do not establish that section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3$^d$ Cir. 1997). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport,* 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3$^d$ Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*? The Seventh Circuit clarified this standard by stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner asserts that he was denied effective assistance of counsel, that his guilty plea was not knowing and voluntary, and that his sentence and conviction were obtained

in violation of his rights under the Fifth and Sixth Amendments. These types of arguments do not affect the execution of his sentence, and Section 2241 cannot provide Petitioner with the desired relief. Consequently, this action is summarily **DISMISSED** with prejudice.

    **IT IS SO ORDERED.**

    **DATED: May 19, 2006.**


    /s/   David   RHerndon
    **DISTRICT JUDGE**